

Carolyn Morris, Office of Enforcement, Federal Home Loan Bank Bd., Washington, D.C., E. Montgomery Tucker, Asst. U.S. Atty., Roanoke, Va., for plaintiff.

Edward Reiner, Alexandria, Va., Stephen Daniel Keeffe, Washington, D.C., for defendant.

## MEMORANDUM OPINION

MICHAEL, District Judge.

This case comes before the court upon a petition by the Federal Home Loan Bank Board (hereinafter FHLBB) filed pursuant to 12 U.S.C. § 1464(d)(8)(A) to enforce a cease and desist order which was issued by the FHLBB on July 31, 1985, against the defendant. The order required defendant Hooper to immediately cease exercising control over all but five percent of the stock held by him, his wife, or his children in First Federal Savings and Loan Association of Front Royal in Front Royal, Virginia, and to sell the excess stock within 180 days. Defendant failed to sell the stock, and the FHLBB moved this court for an order to show cause and for enforcement of its order. At the show cause hearing on July 25, 1986, defendant's attorney admitted to the court that the stock still had not been sold. Although he had originally consented to the order, defendant objected at the hearing to the inclusion of his family members in the order, arguing that he is

**FEDERAL HOME LOAN BANK BOARD, Plaintiff,**

v.

**Eugene N. HOOPER, Defendant.**

**Civ. A. No. 86–0044–H.**

United States District Court,
W.D. Virginia,
Harrisonburg Division.

Dec. 9, 1986.

not a "controlling" person under the applicable statutes and regulations.

The court finds that it cannot consider defendant's objection. Under 12 U.S.C. § 1464(d)(8)(A), the court has no jurisdiction to review, modify, or set aside the order. The court's jurisdiction is limited to ordering the enforcement of any effective and outstanding order issued by the FHLBB. A party may obtain review of an order by the FHLBB by filing a petition in the appropriate court of appeals. 12 U.S.C. § 1464(d)(7)(B).

Upon consideration of the pleadings and the arguments advanced by counsel at the hearing on July 25, 1986, the court finds that the cease and desist order issued by the FHLBB against the defendant on July 31, 1985, is an effective and outstanding order, and that the defendant has failed to comply with the order. Accordingly, the court will enter an enforcement order pursuant to 12 U.S.C. § 1464(d)(8)(A).

### ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is this day ADJUDGED AND ORDERED as follows:

1. The motion of the Federal Home Loan Bank Board filed pursuant to 12 U.S.C. § 1464(d)(8)(A) to enforce its administrative cease and desist order dated July 31, 1985, shall be, and it hereby is, granted.

2. Defendant shall be, and he hereby is, ordered to sell all excess stock as defined in the administrative cease and desist order of July 31, 1985, on or before January 30, 1987.

3. This case shall be, and it hereby is, dismissed and stricken from the docket of this court.